UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>VICENTE GONZALEZ,<br><br>Defendant. | Criminal No. 19-cr-10421-DJC |

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                                                                    **April 29, 2024**

**I.     Introduction**

On February 15, 2024, the last of the defendants, Vicente Gonzalez ("Gonzalez"), in this drug trafficking conspiracy case was transferred into this session of the Court after the rest of the case had been transferred here in June 2023. D. 787. A day later, the Court set an initial pretrial conference for Gonzalez and status conference for the remaining two defendants awaiting trial (for whom the Court had previously set April 8, 2024 as the trial date). D. 789. At that conference on February 26, 2024, Gonzalez raised, for the first time, his intention to move to dismiss on speedy trial grounds. D. 793.

After having considered Gonzalez's motion, D. 801, the government's opposition, D. 814, counsel's argument at the motion hearing, D. 832, and for the reasons stated below (some of which echo the reasons the Court denied similar motions to dismiss on September 8, 2023 filed by four of Gonzalez's co-defendants, Jose Rodriguez-Garcia ("Rodriguez-Garcia"), Jose L. Diaz Fontanez

1

("Diaz Fontanez"), Manuel Colon ("Colon") and Luis Ricardo Torres ("Torres"), D. 712), the Court DENIES the motion.

## II.     Procedural History

As background, Gonzalez was charged along with twelve co-defendants in a case that initially was assigned to another session of this Court (Woodlock, J.). D. 19. On December 4, 2019, a superseding indictment charged Gonzalez with conspiring to distribute and possess with intent to distribute 500 grams or more of cocaine (Count II); and with possession with intent to distribute 500 grams or more of cocaine (Count VII). D. 19 at 4-5, 9. Gonzalez was arrested the next day, D. 25, but was released on conditions and a $5000 unsecured bond on December 10, 2019, D. 68, 70-71, and he remains on pretrial release.

On June 22, 2023, this case (except Gonzalez, who remained assigned before J. Woodlock) was transferred to this session. D. 642. The Court held a status conference on July 11, 2023 with the four defendants whose charges had not been resolved at that time, Diaz Fontanez, Rodriguez-Garcia, Colon and Torres, D. 645, 658. At that conference when this Court raised whether Defendants consented to the exclusion of time under the Speedy Trial Act given the trial date set, D. 688 at 18, counsel for one of the Defendants, Diaz Fontanez, indicated that he would object to exclusion of time prior to July 11, 2023. Id. The Court then set a schedule for the filing of any motions for dismiss, D. 658, and after considering those motions, the government's opposition and oral argument, denied those motions and allowed the government's motion to exclude time prior to the July 11, 2023 status conference. D. 712. Presently, only the charges against Torres remain pending as the other three defendants have since pled guilty.

As noted above, Gonzalez's case was transferred to this session on February 15, 2024, D. 787, after his long-pending motion to suppress, D. 289, was denied by Judge Woodlock. D. 786.

At the February 26, 2024 conference, Gonzalez raised his intention to file the present motion to dismiss and the Court set a briefing schedule and a date for the motion hearing and initial pretrial conference.  D. 793.  Gonzalez agreed to exclude time from the date of February 26, 2024 status conference to the date of the motion hearing and initial pretrial conference.  Id.  On April 17, 2024, the Court heard Gonzalez and the government on Gonzalez's motion to dismiss and took the matter under advisement.  D. 831.  During the same hearing, the Court addressed scheduling with counsel for Gonzalez, Torres (the only other defendant whose charges remain unresolved and whose request for a continuance of the April 8, 2024 trial date had been assented to by the government, D. 804) and the government and set September 30, 2024 as the trial date.  D. 832.  Counsel for both defendants agreed to the exclusion of time from the April 17, 2024 motion hearing date to September 30, 2024, the trial date for both.  Id.

The Court now turns to Gonzalez's motion to dismiss the superseding indictment on speedy trial grounds arising under 18 U.S.C. § 3161, the Speedy Trial Act, and the Sixth Amendment.  D. 801.

### III. Discussion

As much of the legal analysis and factual background that the Court cited in its prior Memorandum & Order denying the motions to dismiss by four of Gonzalez's co-defendants, the Court incorporates it, D. 712, by reference here.  Much of the procedural history as to the other four defendants is the same as Gonzalez's (particularly as to the exclusions of time under the STA from November 20, 2019 to December 21, 2021, D. 814 at 2 (citing prior Orders) before the case, except Gonzalez, was transferred to this session), but to the extent that this history is different regarding the pendency of Gonalez's motion to suppress and the later transfer of his matter to this session, the Court provides this summary.

Gonzalez filed his motion to suppress on June 7, 2021.  D. 289.  In the motion, he sought an evidentiary hearing.  Id. at 2.  The government filed its opposition on June 28, 2021.  D. 303.  After a status counsel with counsel for Gonzalez and other co-defendants on August 2, 2022, D. 464, the Court scheduled Gonzalez's motion for an evidentiary hearing on October 12, 2022.  D. 465.  This hearing was later rescheduled and held on November 17, 2022.  D. 499.  After hearing evidence at this hearing, D. 529, the Court allowed the parties to file supplemental briefs which were filed on November 28, 2022.  D. 533, 534.  The Court held a further hearing on December 5, 2022 in which it heard additional testimony.  D. 540.  After this hearing, the Court allowed the parties to file supplemental memoranda, which were filed on December 13, 2022 and December 20, 2022, respectively.  D. 543, 548.  The Court did not resolve this motion until February 15, 2024 when it issued an ECF order denying the motion.  D. 786.

Although the time during which the motion to suppress was fully briefed and under advisement (between December 20, 2022 and February 15, 2024) was extraordinarily long, such delay must be considered not only in the context in the legal principles that apply under the Speedy Trial Act and the Sixth Amendment, but in the context of this multiple-defendant case in which time was excluded and/or excludable under the Act and in which the balance of Barker factors do not warrant dismissal as to Gonzalez.

A.    **Exclusion of Time Under the Speedy Trial Act Is Proper**

The Speedy Trial Act (the "Act") provides that trial of a defendant commence within seventy days of the filing of indictment or the first appearance of the defendant in court, whichever is later. 18 U.S.C. § 3161(c)(1).  Some periods of delay are automatically excluded from this 70-day period including, in relevant part:  18 U.S.C. § 3161(h)(1)(D) (excluding "[a]ny period of delay resulting from other proceedings concerning the defendant, including but not limited to—

(D) delay resulting from any pretrial motion, for the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion"); 18 U.S.C. § 3161(h)(1)(H) (excluding "[a]ny period of delay resulting from other proceedings concerning the defendant, including but not limited to—(H) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court"); 18 U.S.C. § 3161(h)(6) (excluding "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted"). The Act also provides for the exclusion of "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge grants such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Id. § 3161(h)(7)(A).

Since the evidentiary hearing on his motion concluded on December 5, 2022, Gonzalez suggests that any further delay after that time is not excludable under § 3161(h)(1)(D) since such exclusion only applies to delay "from any pretrial motion, for the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." Given that the Court allowed supplemental briefing *after* the further evidentiary hearing on December 5, 2022, certainly "other prompt disposition" of the motion would have been some period after the matter was fully briefed which did not occur until December 20, 2022. D. 548. Although the Court agrees that the full period between December 20, 2022 and February 15, 2024, fourteen months after the matter would not readily be considered "prompt disposition" under § 3161(h)(1)(D), this Court does not agree with Gonzalez's suggestion that the excludable period only extends to December 5, 2022 or December 20, 2022, when the motion was not fully briefed until the later of these new dates. The

5

excludable time after December 20, 2022 would at least be thirty days under § 3161(h)(1)(H) (allowing for the exclusion of time, not to exceed thirty days, under which a matter is under advisement) and, perhaps, considerably more time under § 3161(h)(7)(A) given the extensive briefing and evidence taken on the motion to suppress where "the ends of justice served" by taking time to decide the important issue were outweighed by the best interest of the public and the defendant in a speedy trial.[1]

The Court, however, need not decide precisely which portion of that period for Gonzalez's motion specifically might be excluded under § 3161(h)(7)(A) since other exclusions apply here under that provision. Namely, the prior "ends of justice" exclusions of time under the Act apply to all Defendants, including Gonzalez. The Court will not repeat those prior orders and discussion here, but adopts by reference Section I(A)(1), (2) of its prior Memorandum and Order here. D. 712 at 4-9. Without repeating that analysis, the Court concluded that time was excluded as to the other, four Defendants who previously moved to dismiss on speedy trial grounds, through August 14, 2023 and September 1, 2023, Id. at 9, which overlapped with the time Defendants agreed to exclude from July 11, 2023, their first appearance in this session, D. 658, forward to trial. The Court also allowed the government's motion to exclude time from December 21, 2021 through December 11, 2023 (the original trial date set in this session) under § 3161(h)(7)(A). D. 714.

---

[1] Gonzalez's counsel argued at the motion hearing that the brevity of the Court's ECF order resolving the motion to suppress suggests a lack of attentiveness to the developed, evidentiary record regarding same. The Court cannot agree, particularly where that Order makes clear the ways in which the dispute between the parties had been narrowed by the government's representations, the nature of Gonzalez's abandonment of the bag (containing cocaine) found in the common basement area and the probable cause that existed for the search. D. 786. Moreover, the "appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances" and the "law leaves much, in this respect, to the judge's own professional judgment." Rita v. United States, 551 U.S. 338, 356 (2007); see In re Grand Jury Investigation, 545 F.3d 21, 26 (1st Cir. 2008) (noting that '[t]here are no magic words that a district court must pronounce in order to convince a reviewing court that it has considered an issue").

Subsequently, the Court excluded time under the same provision from December 11, 2023 to January 3, 2024, D. 724-26, from January 3, 2024 to April 7, 2024, D. 775-77. As discussed in the prior Memorandum and Order, it is well settled that an exclusion of time under § 3161(h)(7)(A) that stops the STA clock for one defendant does so "in the same manner and for the same amount of time as for all co-defendants." United States v. Rush, 738 F.2d 497, 504 (1st Cir. 1984); D. 712 at 6. As discussed in this Court's prior Memorandum and Order, there are good reasons for this rule including "avoiding waste of resources on unnecessary severances and separate trials." Rush, 738 F.2d at 504. Even by Gonzalez's own accounting, D. 801 at 3-7, there was much that went on in this case between the time that his motion was ripe for consideration on December 20, 2022 after post-hearing, supplemental briefing and the resolution of that motion both before the June 22nd transfer, D. 712 at 6 (discussing same), and after that transfer, see D. 642 *et seq*. Accordingly, these exclusions also apply to Gonzalez (who has since agreed to the exclusion of time from February 26, 2024 to September 30, 2024, D. 793, 832).

Since the focus of Gonzalez's motion is on the period between June 22, 2023, the date of the transfer of this case (excluding his matter) and the resolution of his motion to suppress on February 15, 2024, D. 801 at 10, the Court sharpens its focus on this period. As noted above, the exclusion of speedy trial time under STA as to one defendant applies to the other co-defendants. Gonzalez contends that the transfer of all but his matter to this session was a severance of his case from the others such that the exclusion of time after the June 22nd transfer should not apply to his case. It cannot be said that there was a severance of his case from those of his co-defendants. First, there was no affirmative motion or order of severance. This case, other than Gonzalez's matter was transferred to this session on June 22nd pursuant to L.R. 40.1. D. 642. The Local Rules, both prior to and after their amendment as of October 1, 2023, allow for reassignment of cases

7

between sessions, L.R. 40.1(i), (j). The principles reflected in Fed. R. Crim. P. 8, 14(a) for the presumptive joinder of defendants charged together and "relief from prejudicial joinder" are different from administrative reassignment of cases that the Court may exercise. See D. 814 at 12-13. Second, as reflected in a motion filed by Colon to sever his (and Torres's) trial from those of other co-defendants, there was contemplation of the joinder of Gonzalez with their trials when and if Gonzalez was also transferred to this session. D. 720 at 1. In response to this motion, the Court acknowledged the possibility of joinder of Colon, Torres and Gonzalez for trial, D. 721, and then severed Colon's and Torres's cases and set them for a April 8, 2024 trial date. D. 727. Consistent with the understanding, as soon as Gonzalez's matter was transferred to this session, the Court held a conference on February 26, 2024 to address whether Gonzalez's matter should be added to the April 8, 2024 trial, but at that time, Gonzalez expressed his intention to file the present motion to dismiss. D. 793. Although the government's email of July 31, 2023 to the Clerk's Office questioned whether Gonzalez remaining in Judge Woodlock's session constituted a severance, D. 801 at 5, this was not a matter decided by the Court and the severance of matters was not otherwise raised by the defense or reflected in the actions of the Court.[2]

For all of the reasons stated above, dismissal of the indictment against Gonzalez is not warranted under the Act.

### B. There Also Was No Constitutional Speedy Trial Violation

The Court has also considered Defendants' constitutional basis for moving to dismiss, namely that the delay in his trial has violated his Sixth Amendment right to a speedy trial. To

---

[2] Moreover, on the same day of the email, the government filed a motion seeking a status conference regarding Gonzalez, D. 681, the pendency of which would provide another basis to exclude time some period after its filing on July 31, 2023 under § 3161(h)(1)(D), (h)(7)(A). The Court need not reach the issue of how much time should be excluded on this ground given its conclusions under the other grounds discussed above.

determine if a defendant's right to a speedy trial has been violated, the Court must consider four factors: "(1) the length of the delay; (2) the reason(s) for the delay; (3) the defendant's assertion of his speedy trial right; and (4) the prejudice to the defendant caused by the delay." Santiago-Becerril, 130 F.3d at 21 (citing the factors articulated in Barker v. Wingo, 407 U.S. 514, 530 (1972)). These are "related factors and must be considered together with such other circumstances as may be relevant." Id. (internal citation and quotation marks omitted).

The delay between Gonzalez's initial appearance on December 5, 2019 (or even from the initial appearance of the latest of his co-defendants to appear on January 16, 2020, D. 117; D. 814 at 2) and the trial now scheduled for September 30, 2024, is presumptively prejudicial as it substantively exceeds one year. United States v. Souza, 749 F.3d 74, 81 (1st Cir. 2014). This fact, however, does not end the analysis, but begins it as the Court must consider all of the Barker factors. Santiago-Becerril, 130 F.3d at 22.

As to the second factor, the reasons for the delay do not suggest that length of the delay here constitutes a Sixth Amendment violation. As discussed in the Court's prior Memorandum and Order in regard to analysis under the Act, D. 712 at 10-11, the pre-December 21, 2021 delay was justified by the needs of the case and, at the request of various of the defendants for additional time to review discovery, consider filing dispositive motions and continue plea negotiations with the government. As the August 2, 2022 status conference revealed, as of that time, the Court was still considering several, potentially dispositive motions then pending and wanted more opportunity to consider them. There is no suggestion on this record that any of that delay was due to the government's misconduct or negligence. Santiago-Becerril, 130 F.3d at 22 (noting the absence of same in its Barker analysis). The docket reflects that between the August 2, 2022 status conference and the June 22, 2023 reassignment of Defendants to this session, D. 642, the Court

9

and counsel for the government were involved in Rule 11 hearings, sentencings, Gonzalez's own evidentiary hearing and other proceedings in this case. This is not a "mega case" where a court should be concerned that the government was contributing to delay by the sheer magnitude of defendants charged. See United States v. Maldonado-Peña, 4 F.4th 1, 18–19 (1st Cir. 2021) (criticizing the charging of fifty-five defendants in a single indictment, but affirming the denial of motions to dismiss on Sixth Amendment grounds after analyzing the Barker factors). Instead, the thirteen defendants here, charged in factually overlapping conspiracies arising from a wiretap investigation, were properly joined in this case, see D. 694 at 30-34. The Court should also note that there was no negligence in the delay on the government's part since June 22, 2023 either. There has been much activity in this case since the transfer in regard to the dispositive of multiple motions to suppress, motions to dismiss and other motions, conferences held, guilty pleas taken and sentencing hearings held. Even as to the Gonzalez matter that remained before Judge Woodlock, shortly after four of his co-defendants filed a motion to dismiss on speedy trial grounds, D. 673-75, 679 (filed between July 20, 2023 and July 28, 2023), the government moved, with Gonzalez's assent, for a status hearing in his case before Judge Woodlock, D. 681 (filed July 31, 2023), and indicated its view that a pending motion regarding one of the joined defendants tolls the speedy trial clock under the Act as to all defendants if Gonzalez's case remained joined. D. 801 at 5.

Considering the third factor, even after four of his co-defendants filed motions to dismiss on speedy trial grounds and the government raised the specter of speedy trial concerns in his case in July 2023 and the Court resolved the motions to dismiss in September 2023, D. 712, Gonzalez did not assert any speedy trial right until February 26, 2024, the status conference convened by this session (and after his motion to suppress had been denied). D. 793. This factor examines

10

whether a defendant "has actively asserted his right to a speedy trial" which "is not satisfied merely by moving to dismiss after the delay has already occurred." United States v. Batie, 433 F.3d 1287, 1291 (10th Cir. 2006). Instead, the focus is on "whether the defendant's behavior during the course of litigation evinces a desire to go to trial with dispatch." Id. That cannot reasonably be said of Gonzalez on this record. As was the case with the defendants who had previously moved to dismiss, this speedy trial concern was not raised with Judge Woodlock at the August 2, 2022 status conference when he discussed the likely length and timing of the trial. D. 476 at 25–30. When counsel for one defendant indicated having trials already set for October and November 2022, the Court expressed some concerns with holding a trial at the end of 2022 given the chance of a rise of COVID cases around the holidays. Id. at 26; see United States v. Cortez, No. 10-10198-FDS, 2021 WL 534866, at *6 (D. Mass. Feb. 12, 2021) (reasoning that the delay was reasonable because the case involved an alleged drug conspiracy with nine codefendants and because "the parties, counsel, and the court have to contend with the many difficulties that the COVID-19 pandemic created in the judicial system, not the least of which is conducting jury trials safely in multiple-defendant cases"). After further discussion, the Court indicated that the trial would be at the end of January for jury selection to begin. Id. at 28. The next day, August 3, 2022, the Court entered an order setting trial to begin the week of January 30, 2023 with the final pretrial conference on January 23, 2023. D. 467. There was no objection to the scheduling of same on speedy trial grounds at that time, when that trial date was canceled on January 4, 2023, D. 553, during the approximate six-month period between that cancellation and the June 2023 transfer of the case to this session or in the time between June 2023 and February 15, 2024 when Gonzalez's matter was transferred to this session as well. This failure to assert a speedy trial right, "will make it difficult for a defendant to prove that he was denied a speedy trial." Barker, 407 U.S. at 532.

11

Here, Gonzalez did not object to the setting of a January 2023 trial or the cancellation of it even as the upshot of his argument now is that even the January 2023 trial date would have violated his speedy trial right. As noted in the Court's prior Memorandum and Order, there may have been strategic reasons why Gonzalez did not assert his speedy trial rights earlier. First, Gonzalez may have waited to provide the Court the time that it needed to resolve a motion to suppress in which it had heard both evidence and extensive briefing. Even by Gonzalez's accounting, Judge Woodlock heard testimony over two days and received not just principal briefs, but two rounds of supplemental briefing. It may have been Gonzalez's hope that the delay would result in a favorable decision. Second, Gonzalez is facing a significant sentence if convicted. As Gonzalez has remained on pretrial release since December 10, 2019, D. 68, the Court expects that his continued compliance with pretrial conditions of release will be cited favorably at sentencing if he is convicted. Third, and most significantly, Gonzalez may have wanted more time to consider the resolution of this case (even as he has presently indicated his intention to proceed to trial) and/or prepare for trial. Even at the February 26, 2024 status conference and April 17, 2014 initial pretrial conference, Gonzalez agreed to the "ends of justice" exclusion of time from that date to the trial date, D. 793, 832, suggesting that he is not presently ready for trial.

Lastly, the Court has assessed the prejudice of the delay in terms of preventing oppressive pretrial incarceration, minimizing anxiety caused by pendency of a criminal charge and limiting the possibility that the defense will be impaired by the delay. United States v. Lara, 970 F.3d 68, 82–83 (1st Cir. 2020). As noted above, the length of the delay here is presumably prejudicial. Even so, the impairment of a defense has not been sufficiently explained here, particularly as much of the evidence presumably here is not percipient witness testimony, but recorded surveillance and

wiretap interceptions.[3] This is not to downplay the fact that Gonzalez has had these serious charges pending against him since December 2019, but that any anxiety experienced while these charges are pending is outweighed by the considerations discussed above that he may have had in not asserting his speedy trial right earlier. See Maldonado-Peña, 4 F.4th at 18.

For all of these reasons, the Court concludes that the delay here as to Gonzalez specifically does not rise to the level of a Sixth Amendment violation or a violation of the Act. Accordingly, dismissal is not warranted. Moreover, for all of the reasons explained herein, in the prior Memorandum and Order, D. 712, and prior orders to exclude time, D. 714 (excluding time from December 21, 2021 until December 11, 2023); D. 726 (excluding time from December 11, 2023 to January 3, 2024); D. 777 (excluding time from January 3, 2024 to April 7, 2024), the Court concludes that the ends of justice served by the exclusion of time from December 21, 2021 to February 26, 2024 outweigh the best interest of the public and the Defendants in a speedy trial.[4]

## IV. Conclusion

For the foregoing reasons, the Court DENIES Gonzalez's motion to dismiss, D. 801, and shall exclude the time noted above.

**So Ordered.**

/s Denise J. Casper
United States District Judge

---

[3] The Court has also considered counsel's suggestion about Gonzalez's particular neurological condition, D. 801-1 at 145. Although this may be a matter that the Court may take up for trial and/or in conjunction with any disposition of this matter, the Court does not conclude that this factor alone or in conjunction with the other Barker factors warrants dismissal.

[4] The Court notes that Gonzalez has assented to the exclusion of time from February 26, 2024 to April 17, 2024, D. 800 (allowing the assented-to motion regarding same), and from April 17, 2024 to the September 30, 2024 trial date, D. 832 (reflecting Gonzalez's assent to same at the initial pretrial conference). The government shall file an assented to motion regarding the exclusion of time for the latter period, April 17, 2024 to September 30, 2024.